**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4225**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MUZAFFAR KHAN AFRIDI, a/k/a Muzaffar Khan
Muhammad Ali, a/k/a Momin Khan, a/k/a Hadji
Sahib,

Defendant - Appellant.

---

**No. 06-4236**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALAMDAR KHAN AFRIDI, a/k/a Alamdar Muzaffar
Khan,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of
Maryland, at Greenbelt. Alexander Williams, Jr., District Judge.
(8:03-cr-00211-AW)

---

Submitted:  June 25, 2007          Decided:  July 20, 2007

---

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Marc G. Hall, Rockville, Maryland, for Appellant Alamdar Afridi; James Wyda, Federal Public Defender, John Chamble, Assistant Federal Public Defender, Paresh S. Patel, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant Muzaffar Afridi.  Rod J. Rosenstein, United States Attorney, Stuart A. Berman, Barbara S. Skalla, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury in the United States District Court for the District of Maryland found Muzaffar Khan Afridi ("M. Afridi") and Alamdar Khan Afridi ("A. Afridi") guilty of conspiracy to distribute and to possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846, conspiracy to import more than one kilogram of heroin in violation of 21 U.S.C. § 963, three counts of distribution of and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), and eight counts of unlawful use of a communication facility to commit a narcotics offense in violation of 21 U.S.C. § 843(b). The district court sentenced M. Afridi to life imprisonment for the conspiracy and distribution counts and a concurrent sentence of forty-eight months for the communication facility counts. The court sentenced A. Afridi to 360 months for the conspiracy and distribution counts and a concurrent sentence of forty-eight months for the communication facility counts.

Claiming that the district court improperly admitted hearsay statements, both Afridis appeal their convictions. They also appeal the reasonableness of their sentences under United States v. Green, 436 F.3d 449 (4th Cir. 2006). Finding no error in the convictions and sentences, we affirm.

I.

In 2001, Mehrdad Ghaderi, working as an informant for the FBI and DEA, agreed with his neighbor Zalmai Ibrahimi to purchase two kilograms of heroin from a dealer supplied by an unknown source in Pakistan.  The man who arranged this deal, Waiz Ul-Din Wardak, is Ibrahimi's nephew, who lived in Pakistan at the time.  After two such deals at a McDonald's in Beltsville, Maryland, and several telephone calls to the suppliers of the heroin, Ghaderi, and federal agents discovered that the kingpin of this heroin organization was Muzaffar Afridi, who was assisted by his son Alamdar.

In fall 2002, Ghaderi arranged to meet the Afridis in Dubai, United Arab Emirates, to plan for larger heroin purchases.  Ghaderi met the Afridis twice in Dubai and agreed to purchase large quantities of heroin that the Afridis planned to send through London.  Federal agents observed these meetings and took photographs of the Afridis.  On January 17, 2003, British customs agents at Heathrow International Airport intercepted a large wooden crate filled with sporting equipment.  The crate had been shipped from Malik International in Pakistan to the man whom Ghaderi used as a receiver in London.  Within the wooden struts of the crate were hidden bags totaling twenty kilograms of high-quality heroin. A. Afridi had sent Ghaderi a facsimile message on December 11, 2002, that described the heroin shipment;  he sent a second fax on

4

January 14, 2003, to confirm the shipment; and he sent a third fax on January 18, 2003, that described how he had hidden the heroin in the crate. On March 21, 2003, airport officials in London intercepted an identical crate containing nearly eighteen kilograms of heroin. Although this crate was initially destined for Cameroon, the Afridis asked Ghaderi if he would like to purchase it.

Federal agents arrested the Afridis in Bangkok, Thailand, on August 29, 2003. On the basis of surveillance of the heroin deals made with Ghaderi, transcripts of thousands of telephone calls, and physical evidence agents had intercepted, a grand jury indicted the Afridis with conspiracy to distribute and import heroin, use of a communication facility in furtherance of that conspiracy, and distribution and possession of heroin. After a lengthy trial, a jury convicted the Afridis of these charges on December 5, 2005. On February 15, 2006, the court sentenced M. Afridi to life imprisonment, with a concurrent sentence of four years, and A. Afridi to three hundred and sixty months, with a concurrent sentence of four years.

II.

The Afridis claim they were wrongfully convicted on the basis of hearsay statements the court allowed into evidence. They argue that the court should not have allowed testimony concerning the

5

out-of-court statements of Mia Afridi, an alleged co-conspirator. We review the trial court's admission of evidence for abuse of discretion. United States v. Blevins, 960 F.2d 1252, 1255 (4th Cir. 1992).

The trial court did not abuse its discretion in admitting the out-of-court statements of co-conspirator Mia Afridi over the objection of defense counsel. Federal Rule of Evidence 801(d)(2)(E) excludes from the definition of hearsay out-of-court statements made by co-conspirators "during the course and in furtherance of the conspiracy." A court may admit evidence under this rule if it concludes, by a preponderance of the evidence, "(1) that there was a conspiracy involving the declarant and the party against whom admission of the evidence is sought and (2) that the statements at issue were made during the course of and in furtherance of that conspiracy." United States v. Neal, 78 F.3d 901, 905 (4th Cir. 1996). The proponent of the statements must show the existence of the conspiracy and the declarant's role in the conspiracy through independent evidence but may supplement that evidence with the statements of the declarant. Fed. R. Evid. 801(d)(2)(E) (as amended in response to Bourjaily v. United States, 483 U.S. 171, 181 (1987)).

In this case, the government presented sufficient independent evidence at trial for the district court to conclude within its discretion that Mia Afridi was a member of the conspiracy and that

6

his statements were made during the course of and in furtherance of the conspiracy. Waiz Wardak, another co-conspirator, testified to his personal knowledge of Mia Afridi's actions and Wardak's interactions with Mia Afridi. Wardak testified that Mia Afridi put Wardak in contact with the heroin organization run by the Afridis and that Mia Afridi served as a mediator between Ghaderi and the conspirators. This independent evidence was sufficient to prove by a preponderance of the evidence that Mia Afridi was a co-conspirator. The district court thus properly concluded that his statements were not hearsay and properly admitted them.

Even if the trial court had erred by admitting Mia Afridi's statements, the error would have been harmless. Considerable evidence, independent of Mia Afridi's out-of-court statements, links both Afridis to the conspiracy. The testimony of Ghaderi concerning his personal, telephone, and facsimile interactions with both Afridis; Wardak's and Ibrahimi's testimony; thousands of intercepted telephone calls; and the government surveillance of the heroin deals constitute evidence sufficient to support the conspiracy convictions of both Afridis.

III.

The Afridis also argue that the court imposed unreasonable sentences. We review sentences imposed under the advisory sentencing guidelines for reasonableness. United States v. Hughes,

7

401 F.3d 540, 546-47 (4th Cir. 2005). Sentences must be both procedurally and substantively reasonable. United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006). A sentence is procedurally reasonable if the court has applied the appropriate guidelines range and has given an adequate statement of reasons why the sentence satisfies the requirements of 18 U.S.C. § 3553(a). Id. at 434. "A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." Id. We accord a sentence imposed within the guidelines range a presumption of reasonableness. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006); see Rita v. United States, __ S. Ct. __, No. 06-5754, 2007 WL 1772146 at *6 (June 21, 2007) (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines").

The Afridis claim that the district court did not address the concerns they raised and did not adequately refer to the § 3553(a) factors while sentencing them. It is clear from the record that the district court made proper findings of fact and properly calculated the guidelines range for both Afridis. It is also clear that the court considered defense arguments concerning M. Afridi's age and both Afridis' potential cultural isolation and weighed them against the significance of the crimes of which the Afridis were

convicted. The court evaluated the arguments in the light of the sentencing principles set forth in § 3553(a). Because of the court's deliberateness in sentencing, we cannot conclude that the Afridis' sentences are unreasonable.

IV.

We find no error in the district court's admission of the out-of-court statements made by co-conspirator Mia Afridi. Additionally, we find that the sentences of both M. Afridi and A. Afridi are procedurally and substantively reasonable. We therefore affirm their convictions and sentences.

<u>AFFIRMED</u>